**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AVIS GRIFFIN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-4214** |
| | : | |
| **STATE FARM AUTO INSURANCE** | : | |
| **COMPANY** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                     **August 29, 2024**

A person buying auto insurance coverage through a defined insurance policy may be entitled to recover for injuries covered by the policy after she follows the requirements of the policy. She cannot sue for recovery of underinsured motorist benefits arising from a car accident offered through the policy, for example, if she agreed to only sue after resolving the claims with the other driver or suing the other driver in the same case. She also cannot sue the insurer for bad faith when the insurer is following the unambiguous terms of their insurance contract. We today dismiss an insured's pro se complaint for breach of contract and statutory bad faith because she has not complied with her insurance agreement to date. She cannot presently sue on the policy. And she has not yet plead the insurer's denial of underinsured motorist benefits is in bad faith. We grant her leave to timely amend her allegations for breach of contract, possibly add additional parties, and clarify how her insurer's conduct rises to the level of statutory bad faith.

### I.   Alleged Facts

Avis Griffin purchased up to $100,000 in underinsured motorist coverage from State Farm Automobile Insurance Company for losses incurred in 2022.[1] State Farm agreed to pay compensatory damages for bodily injury Ms. Griffin is legally entitled to recover from an owner

or driver of an underinsured motor vehicle.[2] State Farm defines "underinsured motor vehicle" as "a land motor vehicle…for which the total limits of insurance and self-insurance for bodily injury liability from all sources…are less than the amount of the *insured's* damages; or have been reduced by payments to *persons* other than *you* and *resident relatives* to less than the amount of the *insured's* damages."[3]

The parties agreed, for purposes of deciding the fault and amount for underinsured motor vehicle coverage,

> 1. a. The *insured* and *we* must agree to the answers to the following two questions:
>
> > (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *underinsured motor vehicle*?
> >
> > (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *underinsured motor vehicle*?
>
> b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:
>
> > (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
> >
> > > (a) *us*;
> > >
> > > (b) the owner and driver of the *underinsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and
> > >
> > > (c) any other party or parties who may be legally liable for the *insured's* damages[.][4]

***Ms. Griffin's May 19, 2022 car accident.***

An unidentified driver collided her car with Ms. Griffin's car on May 19, 2022 in

Norristown.[5] Ms. Griffin suffered injuries to her neck, back, and shoulder.[6] She suffered emotionally.[7] Ms. Griffin promptly reported the accident to her insurer State Farm and submitted claims for property damage and bodily injury.[8]

### Norristown's Police Report points to Ms. Griffin's careless driving.

Norristown Police report Ms. Griffin made an improper and careless left turn from eastbound Lafayette Street onto northbound Mill Street when Bessy J. Hernandez-Valladares struck Ms. Griffin's car on the passenger side.[9]

Ms. Griffin informed State Farm's Claims Teams of alleged inaccuracies in the Norristown police report and disputed the description of her making an "improper/careless turn."[10] Mr. Griffin sent her insurer State Farm video footage and photographs to support her perceived inaccuracies in the police report.[11]

### State Farm finds Ms. Griffin responsible.

State Farm accepted full liability for the accident on June 6, 2022 without informing Ms. Griffin.[12] Ms. Griffin spoke with State Farm Representative Candyce Bounds on June 26, 2023.[13] State Farm representative Bounds told Ms. Griffin she was 100% liable for the accident based on the police report.[14]

### Ms. Griffin sends demand letter.

Ms. Griffin sent a demand letter to State Farm attaching medical bills.[15] State Farm rejected the demand explaining its medical payment coverage "is a first party coverage" and "[a]ny pain and suffering claim would need to be brought against American Freedom Insurance, who is the insurance carrier for the other driver, or against Penndot who you have indicated as contributing to the accident."[16]

II.    **Analysis**

Ms. Griffin pro se sued State Farm for breach of contract and statutory bad faith for failing to pay her underinsured motorist benefits under the Policy. State Farm asks we dismiss Ms. Griffin's claims for breach of contract and statutory bad faith.[17] Ms. Griffin counters she plead adequate facts to allow us to plausibly infer State Farm breached the contract and engaged in statutory bad faith claim.[18] Ms. Griffin does not plead a fact basis for a breach of contract or statutory bad faith claim. We dismiss both claims without prejudice and grant her leave to amend her Complaint if she can do so consistent with the known facts.

### A.  Ms. Griffin does not plead a breach of contract claim.

Ms. Griffin pleads and now argues State Farm breached the insurance contract by failing to pay underinsured motorist benefits owed to her under the Policy. State Farm moves to dismiss the breach of contract claim arguing Ms. Griffin does not satisfy the conditions under the Policy for asserting an underinsured motorist claim and does not sue all required parties. We agree with State Farm. But Ms. Griffin may be able to cure this deficiency through a timely amended Complaint.

Ms. Griffin sues State Farm for underinsured motorist benefits. She and State Farm agreed State Farm would pay compensatory damages for bodily injury Ms. Griffin is legally entitled to recover from the driver of an underinsured motor vehicle.[19] The Policy defines "underinsured motor vehicle" as "a land motor vehicle…for which the total limits of insurance and self-insurance for bodily injury liability from all sources…are less than the amount of the *insured's* damages; or have been reduced by payments to *persons* other than *you* and *resident relatives* to less than the amount of the *insured's* damages."[20]

The Norristown Police reported Ms. Hernandez-Valladares is the other driver involved in

the accident. Ms. Griffin can recover underinsured motorist benefits if Ms. Hernandez-Valladares's total insurance limits are less than the amount of Ms. Griffin's damages. But Ms. Griffin does not allege facts about Ms. Hernandez-Valladares's limits of insurance, whether Ms. Griffin made a claim against Ms. Hernandez-Valladares, or whether Ms. Griffin's damages exceed the limits of insurance for Ms. Hernandez-Valladares. Ms. Griffin does not plead a fact basis for her claim State Farm owes her underinsured motorist benefits.

Ms. Griffin also agreed she could only obtain underinsured motorist coverage if she and State Farm agree Ms. Griffin is legally entitled to recover a certain amount of compensatory damages from Ms. Hernandez-Valladares.[21] Ms. Griffin must otherwise file a lawsuit against (1) State Farm, (2) the owner and driver of the underinsured motor vehicle unless State Farm consents to a settlement offer proposed by or on behalf of such owner or driver, and (3) any other party who may be legally liable for Ms. Griffin's damages.[22] Ms. Griffin does not allege State Farm consented to a settlement offer proposed by or on behalf of Ms. Hernandez-Valladares. So, as she agreed, she must sue State Farm, Ms. Hernandez-Valladares, and any other legally liable party. Ms. Griffin only sues State Farm. She does not sue Ms. Hernandez-Valladares.

We dismiss Ms. Griffin's breach of contract claim with leave to amend to name Ms. Hernandez-Valladares, explain the details of claims she made against Ms. Hernandez-Vallardes, and plead facts about Ms. Hernandez-Valladares's insurance policy limits and whether they are less than the amount of Ms. Griffin's damages.

**B.  Ms. Griffin does not plead statutory bad faith.**

State Farm argues Ms. Griffin does not plead State Farm acted in bad faith under Pennsylvania Law. Ms. Griffin disagrees arguing she provides fact support for the conclusion State Farm lacked a reasonable basis for denying her claim. We agree with State Farm but grant

Ms. Griffin leave to file a bad faith claim after she studies the elements of bad faith.

The Pennsylvania General Assembly did not define "bad faith."[23] But the Pennsylvania Supreme Court defines bad faith as "any frivolous or unfounded refusal to pay proceeds of a policy[.]"[24] "To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim."[25]

State Farm's denial of underinsured motorist coverage for Ms. Griffin is reasonable given the police report and Ms. Griffin having not sued the person in the accident with her. Ms. Griffin does not meet the requisite conditions for asserting an underinsured motorist claim under the Policy. State Farm reasonably denied her demand for underinsured motorist coverage.

Ms. Griffin's bad faith claim also fails because she does not plead specific facts about State Farm's conduct toward Ms. Griffin.[26] Our colleagues dismiss bad faith claims when the insured pleads barebones, conclusory allegations.[27] Insureds must "describe who, what, where, when, and how the alleged bad faith conduct occurred."[28] Ms. Griffin does not.

Ms. Griffin alleges State Farm did not inform her it accepted liability for the accident, refused to pay her benefits owed under the Policy, failed to conduct a proper investigation, did not communicate with Ms. Griffin from June 2022 until June 2023 when Ms. Griffin learned Representative Bounds handled her claim, did not provide a clear explanation for the denial of her claim, was "dishonest," "improperly cited laws to deny the claim," and sent "misleading letters" to her.[29] But Ms. Griffin must plead facts, not conclusions.[30] She must plead facts about State Farm's refusal to investigate, State Farm's dishonesty, and State's Farm's misleading letters.

We grant State Farm's motion to dismiss Ms. Griffin's statutory bad faith claim with leave to amend.

**III.     Conclusion**

Ms. Griffin does not plead facts to support a claim for breach of contract against State Farm. Ms. Griffin does not plead a fact basis for a statutory bad faith claim. We dismiss the breach of contract and bad faith claims without prejudice to timely amend her Complaint in good faith with facts to support her breach of contract or bad faith claims.

---

[1] ECF No. 1-5 at 5 ¶¶ 21, 26.

[2] ECF No. 8-3 at 34.

[3] *Id.* at 33 (emphasis in original).

[4] *Id.* at 34 (emphasis in original).

[5] *Id.* at 4 ¶ 4.

[6] *Id.* at 44.

[7] *Id.* at 6.

[8] *Id.* at 4 ¶ 6.

[9] *Id.* at 34.

[10] *Id.* at 4 ¶ 7; *Id.* at 31, 35.

[11] *Id.* at 4 ¶ 7.

[12] *Id.* at 4 ¶ 9.

[13] *Id.* at 4 ¶ 10.

[14] *Id.*

[15] ECF No. 1-5 at 4 ¶ 12.

[16] *Id.* at 46.

[17] ECF No. 8.

[18] ECF Nos. 9, 11.

[19] ECF No. 8-3 at 34.

[20] *Id.* at 33 (emphasis in original).

[21] *Id.* at 34.

[22] *Id.*

[23] See 42 PA. CONS. STAT. § 8371 (1990); *Coyne v. Allstate Ins. Co.*, 771 F. Supp. 673 (E.D. Pa. 1991).

[24] *Borden v. MGM Ins. Co.*, 660 F. Supp. 3d 322 (E.D. Pa. 2017) (citing *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 373 (Pa. 2017)), *appeal dismissed*, *Borden v. 6 Ins. Co.*, No. 23-1622, 2023 WL 6446209 (3d Cir. July 13, 2023).

[25] *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (citing *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000)).

[26] *Nationstar Mortg. LLC v. Radian Guar., Inc.,* No. 18-03798, 2019 WL 1318541, *5 (E.D. Pa. Mar. 22, 2019) (quoting *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)).

[27] *See, e.g.*, *Clapps v. State Farm Ins. Co.*, 447 F. Supp. 3d 293, 300 (E.D. Pa. 2020) (dismissing claim where plaintiff only alleged only defendant "fail[ed] to complete a prompt and thorough investigation of Plaintiff's claim" and "fail[ed] to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim" without any explanatory facts); *Soldrich v. State Farm Fire & Cas. Co.*, No. 15-1438, 2015 WL 7568442, at *3 (E.D. Pa. Nov. 25, 2015) (same); *Mozzo v. Progressive Ins. Co.*, No. 14-5752, 2015 WL 56740, at *3 (E.D. Pa. Jan. 5, 2015) (dismissing bad faith claim where plaintiff only alleged: (a) he complied with all relevant requests relating to the investigation of his insurance claim; (b) defendant arbitrarily and capriciously failed to honor its contractual obligations; (c) plaintiff incurred damages; and (d) defendant acted in bad faith in failing to honor the plaintiff's claim); *Blasetti v. Allstate Ins. Co.*, No. 11-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012) (dismissing claim where plaintiff pleaded "[d]efendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiffs those benefits due and owing under said policy of insurance" and defendant "recklessly disregard[ed] its lack of reasonable basis when it denied Plaintiffs' claims.").

[28] *Leyman v. Econ. Fire & Cas. Co*., No. 23-3458, 2023 WL 8188444, at *2 (E.D. Pa. Nov. 27, 2023)

[29] ECF No. 1-5 at 4–5.

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); Fed. R. Civ. P. 8.